IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| THOMAS LAURO,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>STATE OF HAWAIʻI DEPARTMENT OF PUBLIC SAFETY, *et al.*,<br><br>　　　　　Defendants. | Case No. 19-cv-00585-DKW-KJM<br><br>**ORDER DENYING AS-CONSTRUED MOTION FOR RECUSAL**[1] |

On November 8, 2019, pro se Plaintiff Thomas Lauro mailed a letter to Chief U.S. District Judge Michael Seabright, which included a "motion for relief from judgment or order[,]" that may have been filed in a state court proceeding involving Lauro. *See* Dkt. No. 6. It appears that Lauro also intended his letter and the accompanying motion to be filed in this action, Case No. 19-cv-585, *see id.* at 1, which the Court accomplished on his behalf on November 12, 2019. In light of the assertions and arguments made in the letter and the accompanying motion, this Court construes the same as a motion for recusal of the undersigned from this

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

1

case ("the motion for recusal"). Because the motion for recusal presents no reason to grant such relief, however, the motion is DENIED.

## **LEGAL STANDARD**

Two principal statutes govern a motion seeking recusal of a federal judge. First, Section 144 of Title 28 provides that, "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." Second, Section 455(a) of Title 28 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned."

Here, the motion for recusal does not state under what authority it is being brought. *See generally* Dkt. No. 6. The motion for recusal, however, does not contain an affidavit. *See id.* As a result, the Court construes the motion for recusal as being brought under Section 455.

## **DISCUSSION**

Although the motion for recusal is far from a model of clarity, liberally construing the same, Lauro's concerns appear to relate to another case involving

Lauro in which the undersigned was the assigned district judge. Specifically, Case No. 12-cv-637 ("Lauro One"). With that in mind, again liberally construed, the motion for recusal appears to provide the following reasons for recusal: (1) the Court dismissed Lauro One; (2) in Lauro One, the Court allegedly refused to transfer Lauro to a different correctional facility; and (3) more generally, in Lauro One, the Court should have been aware of certain alleged matters. The Court addresses each assertion in turn.

**<u>Dismissal of Lauro One</u>**

One of the few accurate assertions in the motion for recusal is that this Court dismissed Lauro One. Of course, that simple assertion belies a greater truth– namely, the Court dismissed Lauro One, in which plaintiff was represented by counsel, for very good reasons, ones entirely due to Lauro himself. Although the Court could restate the factual predicate for the dismissal of Lauro One, it is perhaps best to quote directly from the Court's December 3, 2015 Order dismissing the case:

> The instant case has been pending for three years. To promote the expeditious resolution of litigation, the Court set a firm trial date of December 14, 2015 over the objection of all counsel, who wished to postpone trial into 2016. Adhering to this trial date required Mr. Lauro, at minimum, to cooperate with his counsel. Mr. Lauro assured Magistrate Judge Kurren that he was willing to do so at the August 10, 2015 hearing on his counsel's first Motion to Withdraw. Mr. Lauro reneged on this promise by refusing to personally meet

with his counsel to prepare for trial, thus jeopardizing his counsel's ability to effectively represent him at trial. Mr. Lauro's conduct also jeopardized the Court's ability to manage its docket and adhere to the December 14, 2015 trial date.

To address these issues, the Court ordered Mr. Lauro to participate in the November 19 hearing on his counsel's renewed Motion to Withdraw and Motion to Continue Trial. In violation of the Court's directive, Mr. Lauro did not participate in the hearing and did not otherwise make himself available by telephone. The Court attempted to reach Mr. Lauro by phone three times and by email prior to the hearing. Based on the record before the Court, including a material change in circumstance conveyed to the Court by Plaintiff's counsel during the sealed portion of the hearing, the Court found it prudent for all parties and their counsel to personally attend a final settlement conference before Magistrate Judge Kurren on December 1, 2015. The Court made it abundantly clear that Mr. Lauro's presence was required, and that his failure to attend would be deemed a willful violation of a Court order and result in the dismissal of his case without further notice. The Court not only sent the order to Mr. Lauro by email, but also read the entirety of the written order to him verbatim over the phone on November 19, 2015 when the Court was finally able to successfully reach him.

Mr. Lauro's failure to appear at the December 1, 2015 settlement conference, a conference critical to the potential resolution of the case prior to trial, demonstrates a willful violation of the Court's November 19, 2015 order. Mr. Lauro had actual notice of the mandatory settlement conference, and the consequences of failing to abide by that notice, yet he deliberately absented himself. Moreover, Mr. Lauro's email communications indicate that he will not attend *any* pretrial hearing, whatever the Court may order.

Mr. Lauro's willful and deliberate violations of the Court's orders run afoul of the public's interest in expeditious resolution of litigation and impede the Court's ability to manage its docket. Defendants complied with the Court's November 19, 2015 order by attending the December 1, 2015 settlement conference in good faith, only to have

> Mr. Lauro fail to appear. Mr. Lauro's absence prejudiced the Defendants' ability to potentially settle the case before trial and bring the case to a timely resolution.
>
> The Court is acutely aware of the medical hardships that Mr. Lauro has suffered and continues to suffer. Under the circumstances, however, Mr. Lauro's medical hardships do not excuse his lack of compliance with Court orders. The Court finds that Mr. Lauro's actions demonstrate a defiance of the judicial process. In light of the circumstances, including Mr. Lauro's email communications making clear that he will not attend any Court proceedings other than trial, the Court determines that dismissal is the only appropriate sanction. To be clear, the Court has considered the full panoply of less drastic sanctions, including monetary and evidentiary sanctions, but concludes that dismissal is warranted based upon Mr. Lauro's willful conduct in violation of specific Court orders.
>
> …

Case No. 12-cv-637-DKW-RT, *Lauro v. State of Hawai'i, et al.*, Dkt. No. 321 at 7-9 (citations and quotations omitted, emphasis in original).

While, as discussed below, Lauro contends that the Court "should have known" various things purportedly connected to the above stated facts, not one of the facts are challenged in the motion for recusal. Nor could they be. The docket in Lauro One is clear about Lauro's conduct. Moreover, this Court is not the only authority that has dismissed a proceeding filed by Lauro. Notably, after appealing the dismissal of Lauro One, the Ninth Circuit Court of Appeals dismissed the appeal due to a lack of prosecution by Lauro. Lauro One, Dkt. No. 341. Just like the undersigned, Lauro cannot contend that the judges of the Ninth

Circuit are subject to recusal merely because his appeal was dismissed.  Rather, the dismissal of Lauro's appeal, just like the dismissal of Lauro One, was a simple reflection of his own conduct (or lack thereof).

As a result, the Court cannot find the dismissal of Lauro One to be a legitimate reason for its recusal under Section 455.

**<u>Transfer</u>**

In the motion for recusal, Lauro asserts that, in Lauro One, this Court refused to transfer him to a different correctional facility, and thus, allowed him to be subject to continued cruel and unusual punishment at the state facility in which he was confined.  This is an entirely inaccurate description of the record from Lauro One.

The only accurate assertion is that, in Lauro One, Lauro filed, pro se, a letter and/or motion for transfer to a different correctional facility.  In fact, Lauro did so at least twice.  *See* Lauro One, Dkt. Nos. 120, 155.  The problem that Lauro continues to ignore is that, at the time the letter and/or motion were filed, he was represented by counsel.  As the Court informed him at the time, therefore, he was required to move for a transfer (if any) through his counsel.  *See id.*, Dkt. Nos. 123, 162.  In fact, at a status conference, the Court told Lauro–who appeared via

6

telephone–that he was to consult with his counsel and, if appropriate, file a motion for transfer *through* counsel.  *Id*. at 123.   No motion for transfer was *ever* filed by counsel and, therefore, there was nothing for the Court to act upon.   In this light, contrary to Lauro's assertions in the motion for recusal, this Court *never* denied his requests for transfer.   Instead, he *never* made an appropriate request for that relief through counsel.

As a result, the Court does not agree that Lauro's unsanctioned filings in Lauro One may serve as a legitimate reason for recusal under Section 455.

**Matters this Court "Should Have Known"**

On a number of occasions in the motion for recusal, Lauro asserts that this Court should have known of various matters that he asserts would have presented his conduct (or lack thereof) in Lauro One in a different (and presumably) more favorable light.   For example, Lauro asserts that this Court "should have known" that he would never accept a five-year term of imprisonment for shoplifting. Apparently, this Court also "should have known" that there was a "very good reason" why Lauro did not appear at the December 1, 2015 settlement conference in Lauro One.   It appears that the "very good reason" was Lauro not wanting to be re-arrested and potentially returned to the correctional facility at which his injuries occurred.

This, of course, is an utterly frivolous basis to move for recusal. As the December 3, 2015 Order quoted above makes very clear, this Court was aware of all facts that were presented and in the record. Those facts were the basis for the Order. How the Court was meant to be aware of information purportedly related to a state criminal proceeding or the internal thinking of Lauro is unknown–as unknowable (and irrelevant) as those matters were at the time of the December 3, 2015 Order.

As a result, the Court cannot find that matters unknown to the undersigned warrant recusal under Section 455.[2]

## **CONCLUSION**

Based upon the foregoing, the motion for recusal, Dkt. No. 6, is DENIED.

IT IS SO ORDERED.

Dated: November 20, 2019 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

*Thomas Lauro vs. State of Hawaii Department of Public Safety, et al;* Civil No. 19-00585 DKW-KJM; **ORDER DENYING AS-CONSTRUED MOTION FOR RECUSAL**

---

[2]In the motion for recusal, arguably, Lauro makes various other arguments unrelated to the undersigned, including that a state trial judge should be recused. Because those arguments have no connection to this Court, they are not addressed herein. Further, to the extent Lauro makes any additional arguments related to the undersigned but not addressed specifically herein, they are each rejected as a basis for recusal, not the least because they are insufficiently developed to warrant mention.