IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| THOMAS LAURO, #A0153221, | ) | CIV. NO. 19-00585 DKW-KJM |
|---|---|---|
| Plaintiff, | ) | DISMISSAL ORDER |
| vs. | ) | |
| STATE OF HAWAII, *et al.*, | ) | |
| Defendants. | ) | |

On October 25, 2019, pro se Plaintiff Thomas Lauro commenced this prisoner civil rights action with the stated intent to "reopen" or "refile" claims that he had raised in *Lauro v. Dep't of Public Safety*, Civ. No. 12-00637 DKW-RT (D. Haw.) ("*Lauro I*"). FAC, ECF No. 4 at 26 (Request for Relief).[1]

On November 20, 2019, after carefully comparing the operative complaints and records in the present action with those in *Lauro I*, the Court ordered Plaintiff to show cause in writing on or before December 20, 2019, why this action should not be dismissed as barred by the doctrine of res judicata. *See* Order to Show Cause, ECF No. 8. The Court warned Plaintiff that if he failed to file a timely response, this action would be dismissed.

---

[1]The Court refers to the pagination and numbering assigned to documents by the U.S. Judiciary's Case Management/Electronic Case Filing system ("CM/ECF").

The deadline to show good cause why this action should not be dismissed has expired, and Plaintiff has not responded to the Order to Show Cause. Accordingly, this action is DISMISSED with prejudice as barred by the doctrine of res judicata. All pending motions are DENIED as moot.

## I. RES JUDICATA

The doctrine of res judicata, also known as claim preclusion, provides that "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005) (quoting *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997)). Three elements are necessary to establish res judicata: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Id.* at 1052 (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003)). Claim preclusion "'bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action.'" *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (quoting *Ross v. IBEW*, 634 F.2d 453, 457 (9th Cir. 1980)).

"[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been

raised," *Arizona v. California*, 530 U.S. 392, 416 (2000), provided that the parties have an opportunity to be heard prior to dismissal. *Headwaters, Inc.*, 399 F.3d at 1055-56 ("[A] court may, sua sponte, dismiss a case on preclusion grounds 'where the records of that court show that a previous action covering the same subject matter and parties had been dismissed.'") (quoting *Evarts v. W. Metal Finishing Co.*, 253 F.2d 637, 639 n. 1 (9th Cir. 1958)).

## II. ANALYSIS

In *Lauro I*, Plaintiff alleged that the State of Hawaii, its Department of Public Safety ("DPS"), Halawa and Waiawa Correctional Facilities ("HCF" and "WCF," respectively), Sisar Paderes, M.D., Gary Saldana, M.D., Steven DeWitt, M.D., and Doe Defendants 1-100 denied him adequate medical care during his incarceration at HCF and WCF, in 2011 and 2012, in violation of state and federal law.[2] *See Lauro I*, Civ. No. 12-00637, Am. Compl., ECF No. 114.

*Lauro I* was dismissed with prejudice on December 3, 2015 for Plaintiff's willful and repeated failure to cooperate with his counsel or to comply with court orders. *See Lauro I*, Order Dismissing Case, ECF No. 321. Before reaching this decision, the Court carefully considered the factors set forth in *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226

---

[2]Plaintiff was represented by counsel in *Lauro I*.

(9th Cir. 2006), determined that Plaintiff's conduct had "impeded the orderly administration of justice," and concluded that dismissal was warranted pursuant to Fed. R. Civ. P. 41(b). *Id.* at 4103.

Plaintiff's attorney timely appealed, ECF No. 324, and he was thereafter allowed to withdraw from the case. *See Lauro v. State*, App. No. 15-17457 (9th Cir.), Dkt. 9. The Ninth Circuit Court of Appeals then notified Plaintiff/Appellant that he was representing himself on appeal. *Id.* On May 5, 2016, the Ninth Circuit dismissed the appeal for Plaintiff/Appellant's failure to file an opening brief or move for an extension of time to do so. *See Lauro I*, ECF No. 341 (appellate mandate).

Approximately three years later, Plaintiff, who had been released on parole before *Lauro I* was dismissed,[3] was arrested on a parole violation and again placed in DPS custody, where he remains. *See id.*, ECF No. 344 (Pl.'s letter, dated August 13, 2019). Plaintiff then began attempting to reopen *Lauro I* by filing a series of letters, declarations, and motions. *See id.*, ECF Nos. 343; 344; 347-349; 352; and 354. The Court informed Plaintiff that it would take no further action in this long-closed case, but advised him that, if he was challenging the conditions of

---

[3]Plaintiff was released on parole on or about August 20, 2015, but apparently violated the terms and conditions of his parole on or about September 29, 2015. *See Lauro I*, Green Decl., ECF No. 218, ¶¶ 6-8.

4

his *present* confinement or the revocation of his parole, he should file a civil rights complaint or a petition for writ of habeas corpus. *See* Entering Orders, ECF Nos. 346, 353, 355. Despite this clear direction, Plaintiff instead filed a Motion for Relief from Judgment, pursuant to Fed. R. Civ. P. 60, alleging a fraud on the state circuit court as the basis for such relief. On December 4, 2019, the Court denied Plaintiff's Motion. *See* ECF No. 357.

While Plaintiff was attempting to reopen *Lauro I*, he commenced the present suit, in which Plaintiff names the same Defendants[4] and alleges substantially identical claims, as alleged in *Lauro I*. In support of this suit, Plaintiff repeatedly refers to the operative complaint and declarations filed in *Lauro I*. *See* FAC, ECF No. 4 at 23-26. Notwithstanding the Court's directions explaining that he cannot reopen *Lauro I* or reassert the claims therein, Plaintiff asserts that filing the instant suit is proper because his "[d]amages are well documented and ongoing. (Continuing Wrong) Almost 9 years." *Id.* at 23. In other words, Plaintiff claims that, because Defendants' past alleged misconduct that formed the basis of *Lauro I* continues to damage him, this new action is proper. In res judicata terms, however, this shows that there is privity of the parties and identity of claims when comparing *Lauro I* and the present suit.

---

[4]Plaintiff, however, omits Doe Defendants 1-100 in the present action.

Claim preclusion prohibits a party from bringing the same claims against the same parties a second time in a new lawsuit if the former suit was dismissed on its merits. *Headwaters, Inc.*, 399 F.3d at 1051. *Lauro I* was dismissed for Plaintiff's failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b). Rule 41(b) states that "[u]nless the court in its order for dismissal otherwise specifies, a dismissal . . . other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." The stated exceptions do not apply to the dismissal in *Lauro I*. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). Thus, *Lauro I*, which alleged the same claims against the same parties as Plaintiff asserts herein, was dismissed on its merits.

///

///

///

## III. CONCLUSION

For the foregoing reasons, this action is DISMISSED with prejudice as barred by the doctrine of res judicata. All pending Motions are DENIED. The Clerk shall enter judgment and terminate this case.

IT IS SO ORDERED.

DATED: January 9, 2020 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Thomas Lauro vs. State of Hawaii Dep't of Public Safety, et al.*;
Civil No. 19-00585 DKW-KJM; **DISMISSAL ORDER**

*Lauro v. State, et al., No. 1:19-cv-00585 DKW-KJM; Ords '20 Lauro 19-585 DKW (dsm barred res jud.)*