IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| THOMAS LAURO, | ) | CIV. NO. 12-00637 DKW-RT |
|---|---|---|
| | ) | CIV. NO. 19-00585 DKW-KJM |
| Plaintiff, | ) | |
| | ) | ORDER RE: FORMAL FEDERAL |
| vs. | ) | COMPLAINT TO CHIEF JUSTICE |
| | ) | MICH[AE]L SEABRIGHT |
| STATE OF HAWAII, *et al.*, | ) | AGAINST FEDERAL JUDGE |
| | ) | DERRI[C]K K. WATSON PER |
| Defendants. | ) | FRCP 351(A) |
| _____ | ) | |
| | ) | |
| THOMAS LAURO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE OF HAWAII, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | | |

On February 21, 2020, the Clerk of Court received a document from pro se Plaintiff Thomas Lauro in the above-captioned cases, each of which is closed,[1] titled "Formal Federal Complaint to Chief Justice Micheal [sic] Seabright against Federal Judge Derrik [sic] K. Watson, per FRCP 351(A) Direct Violations of Thomas Lauro's United States Constitutional Rights to go to Trial and be Heard by a Jury of His Peers, Concealment of Federal Court Documents from a Sealed

---

[1] Civil No. 12-00637 was closed on December 3, 2015; Civil No. 19-00585 was closed on January 9, 2020.  *See* ECF Nos. 321 and 14 (respectively).

Portion of a Hearing on November 19, 2015, Between Plaintiff[']s Attorney Micheal [sic] Green and Judge Derrik [sic] Watson of which Caused a 'Material Change in Circumstances Conveyed to the Court by Plaintiff's Councel [sic] During the Sealed Portion of the Hearing.'" *See* Civ. No. 12-00637 DKW-RT, ECF No. 362; Civ. No. 19-00585 DKW-KJM, ECF No. 20. Because Plaintiff's document referenced the caption and civil case numbers of these closed cases, did not indicate that it was intended as a new action, was not accompanied by a civil filing fee or in forma pauperis application, and repeatedly referred to a "Motion for Relief from Judgment and Order, Motion for Recusal," it was docketed in both cases and liberally construed as a "Motion for Relief from Judgment and Order, Motion for Recusal."[2] *Id.*

---

[2]Above its caption, the document states: "*Please use the Enclosed Formal Motion for Recusal, Amended Motion for Relief from Judgment and Motion for Production of Documents as Exhibits and Attachments to this Complaint against Derrik [sic] Watson per FRCP 351(A) and Attached photo." These documents were not enclosed with Lauro's filing.

At the bottom of the first page, the document states: "(*NOTE: Please Attach Motion for Recusal of Derrik [sic] K. Watson; (enclosed) as Part of this Federal Complaint); See Amended Motion for Relief from Judgment as part of this FRCP 351(a) Complaint - (copy); *please see expert reports and photos; *Please Attach Copy of Motion for Production of Documents dated 12/17/19 to this Complaint; Please Attach 'Formal Motion For (copy) Recusal' with this Complaint, FRCP 351(a); *Please also use original motion for Relief from Judgment filed 11/22/19 for this Complaint Attach motion (copy)." These documents, reports, and photographs were also not enclosed with Lauro's filing.

The final notation on the document's first page states: "Enclosures: Green Esq. letter dated 1/27/20; Honolulu Advertiser front pg story 6/30/13; and Defendants Sentencing memorandum 7/8/10." These documents were enclosed and filed as attachments.

(continued...)

After a careful review of the document and its attachments, it appears that Plaintiff intended his filing to be a judicial misconduct complaint against the undersigned, to be reviewed by Chief United States District Judge J. Michael Seabright, or possibly as requests to this Court for recusal or to reconsider its prior dispositive rulings.[3] The Court addresses each of these possibilities in turn.

## I. DISCUSSION

### A. Judicial Misconduct Complaint to or Appellate Review by Chief Judge Seabright

To the extent that Plaintiff intended his filing to be a formal complaint of judicial misconduct against the undersigned, brought pursuant to 28 U.S.C. § 351,[4] he must file such a complaint with the Ninth Circuit Court of Appeals. *See* Rules for Judicial-Conduct and Judicial Disability-Proceedings, art. III, Rule 7(a)(1) ("[A] complaint against a judge of a United States court of appeals, a United States

---

[2](...continued)
*See* ECF Nos. 362-1 and 20-1 (respectively).

[3]For example, Plaintiff states, "Derrik [sic] K. Watson's outrageous charade and extraordinary judicial misconduct must stop immediately and any and all decisions, Judgements, Orders or legal actions regarding CV-12-00637-DKW-RT and CV-19-00585-DKW-KJM should be thoroughly reviewed by Chief Justice Micheal [sic] Seabright and the Department of Justice and the United States Attorney General William Barr Esq. as well as the FBI in the best interest of upholding, protecting, enforcing and supporting The United States Constitution and our 1st Amendment Rights in any and all Federal Court Proceedings." Civ. No. 12-00637 DKW-RT, ECF No. 362 at 11; Civ. No. 19-00585 DKW-KJM, ECF No. 20 at 11.

[4]Plaintiff repeatedly refers to "FRCP 351(A)," or "FRCP 351(a);" the Court construes this as referring to 28 U.S.C. § 351, which pertains to judicial misconduct proceedings.

3

district court, a United States bankruptcy court, or a United States magistrate judge must be filed with the circuit clerk in the jurisdiction in which the subject judge holds office."); *see also* Judicial-Conduct Rule 6 (stating filing requirements for misconduct complaints).

And, to the extent that Plaintiff seeks Chief Judge Seabright's review of this Court's decisions in Civ. No. 12-00637 and Civ. No. 19-00585, he is notified that a federal district judge, even the chief judge of a federal district court, has no authority to review, overrule, or modify any actions or rulings taken by another federal district judge in any case. *See*, *e.g.*, *In re Tia*, 2012 WL 3985736, at \*3 (D. Haw. Sept. 10, 2012) (citing *Mullis v. U.S. Bankr. Court for the Dist. of Nevada*, 828 F.2d 1385, 1393 (9th Cir. 1987). Allowing such review by one district judge over another district judge's rulings "would be to permit, in effect, a 'horizontal appeal' from one district court to another or even a 'reverse review' of a ruling of the court of appeals by a district court." *Id.* (quoting *Mullis*, 828 F.2d at 1392-93). Chief Judge Seabright has no authority to review decisions made by any other district judge in the United States District Court for the District of Hawaii, including the undersigned.

If Plaintiff disagrees with this Court's decisions in Civ. Nos. 12-00637 and 19-00585, he may file a judicial misconduct complaint or an appeal with the

United States Court of Appeals for the Ninth Circuit; Chief Judge Seabright has no authority to and would not preside over either proceeding. Accordingly, Plaintiff's judicial misconduct complaint seeking review by Chief Judge Seabright is improperly filed in the District of Hawaii and is DISMISSED without prejudice to Plaintiff seeking the appropriate relief in the Ninth Circuit Court of Appeals.

**B.     Recusal or Relief from Judgment**

To the extent that Plaintiff seeks *this* Court's recusal in Civ. No. 12-00637 and Civ. No. 19-00585, his request is DENIED. The Court has already addressed Plaintiff's recusal request in a November 20, 2019 Order Denying As-Construed Motion for Recusal, Civ. No. 19-00585, ECF No. 7, and nothing presented in Plaintiff's most recent filing provides cause to reconsider that ruling.

To the extent Plaintiff seeks relief from judgment in Civ. No. 12-00637, the Motion is DENIED. Once again, this Court has already addressed Plaintiff's request for relief from judgment in a December 4, 2019 Order Denying Motion for Relief from Judgment, ECF No. 357, and nothing presented in Plaintiff's most recent filing provides cause to reconsider that ruling.

To the extent Plaintiff seeks relief from judgment in Civ. No. 19-00585 pursuant to Federal Rule of Civil Procedure 60(b), the Motion is similarly DENIED. Although Plaintiff alleges the same litany of disagreements within the

present filing that he alleged regarding the dismissal of Civ. No. 12-00637, he fails to provide any reason justifying reconsideration of this Court's decision that his claims in Civ. No. 19-00585 are barred by the doctrine of res judicata. That is, Plaintiff fails to show:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

## II. CONCLUSION

(1) To the extent that Plaintiff intended his filing as a new judicial misconduct complaint addressed to Chief Judge Seabright, regarding this Court's decisions in Civ. No. 12-00637 and Civ. No. 19-00585, the document is DISMISSED as seeking relief unavailable in the District of Hawaii, without prejudice to Plaintiff filing an appropriate complaint with the Ninth Circuit Court

6

of Appeals.  The rules for filing such a complaint may be found at the "judicial misconduct" link at the bottom of the Ninth Circuit's public website at ca9.uscourts.gov, should Plaintiff wish to proceed in that manner.

(2)  To the extent Plaintiff seeks this Court's recusal, or relief from the judgments or orders issued in Civ. No. 12-00637 and Civ. No. 19-00585, such requests are DENIED for the reasons set forth above.

IT IS SO ORDERED.

DATED: March 5, 2020 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Lauro v. State*, NO. 1:12-cv-00637 DKW-RT; *Lauro v. State*, NO. 1:19-cv-00585 DKW-KJM; ORDER RE: FORMAL FEDERAL COMPLAINT TO CHIEF JUSTICE MICH[AE]L SEABRIGHT AGAINST FEDERAL JUDGE DERRI[C]K K. WATSON PER FRCP 351(A).